IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00740-BNB

WAYNE A. BETHURUM,

Applicant,

v.

ARI ZAVARAS, Exec. Dir. (CDOC), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

ORDER OF DISMISSAL

Applicant Wayne A. Bethurum is a prisoner in the custody of the Colorado Department of Corrections at the North Fork Correctional Facility at Sayre, Oklahoma. Mr. Bethurum initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of the sentence he is serving as a result of his conviction in Yuma County District Court case number 00CR11. In an order filed on April 21, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 6, 2008, Respondents filed their Pre-Answer Response. On May 19, 2008, Mr. Bethurum filed a reply to the Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. Bethurum liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Bethurum pled guilty to one count of sexual assault on a child and he was sentenced originally in June 2001 to an indeterminate term of eight years to life in prison. Mr. Bethurum did not file a direct appeal. On September 26, 2001, Mr. Bethurum filed a postconviction motion to reconsider his sentence that the trial court denied on April 5, 2002. On July 18, 2002, Mr. Bethurum filed a postconviction motion to correct an illegal sentence. That motion was granted and on January 17, 2003, Mr. Bethurum was resentenced to an indeterminate term of six years to life in prison.

Mr. Bethurum also filed a number of additional postconviction motions in state court relevant to his sentence. On October 18, 2004, the trial court denied two motions to reconsider filed by Mr. Bethurum on April 7, 2003, and March 8, 2004. On October 28, 2004, Mr. Bethurum filed a postconviction motion challenging the indeterminate portion of his sentence on various grounds. The trial court denied that motion and Mr. Bethurum appealed that order to the Colorado Court of Appeals. On February 1, 2007, the appellate court affirmed the trial court's order and on August 6, 2007, the Colorado Supreme Court denied Mr. Bethurum's petition for writ of certiorari. On September 24, 2007, the trial court denied two postconviction motions filed by Mr. Bethurum on August 10 and 17, 2007. On October 15, 2007, the trial court denied two more motions filed by Mr. Bethurum on October 4 and 10, 2007. On November 16, 2007, the trial court denied Mr. Bethurum's motion filed on October 29, 2007. On December 10, 2007, the

trial court denied Mr. Bethurum's motion filed on November 16, 2007. On January 14, 2008, the trial court denied two motions filed by Mr. Bethurum on December 18 and 24, 2007. On January 28, 2008, the trial court denied a motion filed by Mr. Bethurum on January 22, 2008. Finally, on February 19, 2008, Mr. Bethurum filed a notice of appeal to the Colorado Court of Appeals. That appeal apparently still is pending. The Court received the instant action for filing on April 4, 2008.

Mr. Bethurum asserts one claim for relief contending that his sentence violates the constitutional prohibition on ex post facto laws. He specifically argues that he was sentenced pursuant to the Lifetime Supervision of Sex Offenders Act, Colo. Rev. Stat. §§ 18-1.3-1001, et seq., even though that act did not take effect until after he committed his crime. Mr. Bethurum alleges that he was convicted for a sexual assault that occurred on August 21, 1998, and that the act took effect on November 1, 1998.

Respondents first argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the

3

> Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that the one-year limitation period began to run when the time for Mr. Bethurum to file a direct appeal expired after his original sentencing in June 2001. Respondents concede that this action is timely if the one-year limitation period did not begin to run until Mr. Bethurum was resentenced in January 2003. The Court finds that the one-year limitation period did not begin to run until Mr. Bethurum was resentenced in January 2003 because the ex post facto claim he raises in this action challenges the validity of the sentence imposed in January 2003. The fact that Mr. Bethurum is challenging only the indeterminate nature of his sentence and his original sentence also was an indeterminate sentence does not alter the Court's conclusion. Therefore, the Court finds that the instant action is timely.

Respondents also argue that Mr. Bethurum has failed to exhaust state court remedies for his ex post facto claim. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective

to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents specifically argue that Mr. Bethurum failed to exhaust state court remedies for his ex post facto claim because that claim was not fairly presented to the

5

state courts as a federal constitutional claim. Mr. Bethurum argues that he did exhaust state court remedies because he raised the ex post facto claim in the postconviction motion filed on October 28, 2004, and in the appellate court proceedings that followed the denial of the October 28, 2004, motion. As noted above, the Colorado Court of Appeals affirmed the denial of the October 28, 2004, motion on February 1, 2007, and the Colorado Supreme Court denied Mr. Bethurum's petition for writ of certiorari on August 6, 2007. Mr. Bethurum does not argue that he identified his ex post facto claim as a federal constitutional claim in those state court proceedings. However, he maintains that he exhausted state court remedies because he cited state court cases that relied on federal case law and constitutional analysis and because the ex post facto argument he raised is functionally identical to a federal constitutional claim.

The Court has reviewed the relevant appellate court briefs and state court orders submitted by the parties. Based on that review, it appears that Mr. Bethurum raised a federal constitutional ex post facto claim in the trial court in connection with the October 28, 2004, motion. Furthermore, Mr. Bethurum specifically referred to the Ex Post Facto Clause of the federal constitution in his reply brief to the Colorado Court of Appeals. A copy of that brief is attached to Respondent's Pre-Answer Response as Exhibit C. However, Mr. Bethurum's petition for writ of certiorari to the Colorado Supreme Court, which is attached to Respondents' Pre-Answer Response as Exhibit E, does not raise a federal constitutional ex post facto claim. In fact, in the petition for writ of certiorari, Mr. Bethurum makes only a conclusory allegation that his sentence is illegal with no argument in support of that allegation to explain the factual and legal bases for the claim he is raising.

Mr. Bethurum does allege that he raised his ex post facto claim in a reply brief to the Colorado Supreme Court. However, the reply brief he references, which is attached to the habeas corpus application as Exhibit 6(c), is a reply brief filed in a different proceeding in the Colorado Supreme Court. The petition for writ of certiorari attached to Respondents' Pre-Answer Response as Exhibit E includes a typewritten case number that corresponds with the order entered by the Colorado Court of Appeals on February 1, 2007, and a handwritten Colorado Supreme Court case number that corresponds with the Colorado Supreme Court's August 6, 2007, order denying the petition for writ of certiorari. The reply brief Mr. Bethurum references that is attached as Exhibit 6(c) to his habeas corpus application bears a completely different case number. Therefore, the Court finds that Mr. Bethurum failed to exhaust state court remedies because he did not fairly present his ex post facto claim to the Colorado Supreme Court.

Although Mr. Bethurum has failed to exhaust state court remedies for his ex post facto claim, the Court may not dismiss that claim for failure to exhaust state remedies if he no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Respondents concede that Mr. Bethurum raised his ex post facto claim as a federal constitutional claim in a postconviction motion filed in August 2007. As noted above, Mr. Bethurum also has pending an appeal to the Colorado Court of Appeals. It is not clear what specific claims Mr. Bethurum is raising in that appeal. It also is not clear whether the Colorado Court of Appeals will consider the merits of Mr. Bethurum's federal constitutional ex post facto claim in the pending

appeal. Therefore, because Mr. Bethurum may have a state court remedy still available to him, the Court will dismiss this action without prejudice for failure to exhaust state court remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this 12 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00740-BNB

Wayne A. Bethurum
Prisoner No. 43861
NFCF - DN-117
1605 E. Main Street
Sayre, OK 73662

    I hereby certify that I have mailed a cop of the **ORDER AND JUDGMENT** to the above-named individuals on \_\_6/10/08\_\_

                                     GREGORY C. LANGHAM, CLERK

                                  By: _____
                                          Deputy Clerk