IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 07 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00740-ZLW

WAYNE A. BETHURUM,

Applicant,

v.

ARI ZAVARAS, Exec. Dir. (CDOC), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

## ORDER DENYING MOTION TO RECONSIDER

Applicant Wayne A. Bethurum has filed **pro se** on June 25, 2008, a "Motion for Reconsideration." Mr. Bethurum asks the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment filed in this action on June 16, 2008. The Court must construe the motion liberally because Mr. Bethurum is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). The Judgment in this action was filed on June 16, 2008. Mr. Bethurum filed the motion to reconsider within ten days after the Judgment was entered.

Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant habeas corpus action without prejudice for failure to exhaust state court remedies. The Court specifically determined that Mr. Bethurum did not fairly present his ex post facto claim to the Colorado Supreme Court. In the motion to reconsider, Mr. Bethurum argues again that he raised the ex post facto claim in the Colorado Supreme Court in a reply brief. He also argues for the first time that he is not required to seek review in the state supreme court in order to exhaust state court remedies.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Bethurum fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*.

Mr. Bethurum does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The Court remains convinced that Mr. Bethurum failed to exhaust state court remedies for the ex post facto claim he is raising in this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion for Reconsideration" filed on June 25, 2008, is denied.

DATED at Denver, Colorado, this 3 day of July, 2008.

BY THE COURT:

*[signature]*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-CV-00740-BNB

Wayne A. Bethurum
Reg. No. 43861
Kit Carson Correctional Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7-1-08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk